UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

McNAUGHTON-McKAY,
ELECTRIC CO.,

        Plaintiff,        CIVIL ACTION NO. 09-CV-11165

 VS.        DISTRICT JUDGE SEAN F. COX

LINAMAR CORPORATION,        MAGISTRATE JUDGE MONA K. MAJZOUB

        Defendant.
        _____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO QUASH SUBPOENA ISSUED TO CHRYSLER GROUP, L.L.C. OR FOR PROTECTIVE ORDER PRECLUDING DISCOVERY (DOCKET NO. 20)

Before the Court is Defendant's Motion to Quash Subpoena Issued to Chrysler Group, LLC or For Protective Order Precluding Discovery filed on March 10, 2010. (Docket no. 20). Plaintiff filed a Brief in Opposition on March 24, 2010. (Docket no. 23). The parties filed a Joint Statement of Resolved and Unresolved Issues on April 12, 2010. (Docket no. 24). The matter was referred to the undersigned for determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 21). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). The matter is ready for ruling. (Docket no. 22).

### I. FACTUAL BACKGROUND

Plaintiff is a wholesale distributor of electrical parts. Defendant manufactures machines that produce or assemble parts for Original Equipment Manufacturers (OEMs) including Chrysler. Plaintiff alleges that Chrysler contracted with Defendant Linamar to provide certain machines (referred to in Plaintiff's Complaint as "Linamar Machines") for use in the Kokomo facility. Defendant contracted with Ann Arbor Machine Company, LLC to build the Linamar Machines and

Ann Arbor Machine contracted with Plaintiff through a series of purchase orders to buy electrical parts and components from Plaintiff for use in the Linamar Machines. (Docket no. 1). Plaintiff alleges that Defendant terminated its contract with Ann Arbor Machine after the Linamar Machines were substantially completed and ready to ship and that Defendant failed to pay Ann Arbor Machine for the costs of the Linamar Machines, resulting in Ann Arbor Machine ceasing business operations. (Docket no. 1 ¶¶ 14-15). Plaintiff alleges that prior to terminating operations, Ann Arbor Machine paid to Plaintiff $603.55 for the electrical parts and components, but a balance remains of $423,412.07. (Docket no. 1 ¶ 17). Plaintiff brings a claim for quantum meruit/unjust enrichment.

On February 24, 2010, Plaintiff issued a subpoena to Chrysler seeking the production of six categories of documents on March 12, 2010. (Docket no. 20-3). Defendant brings this Motion to Quash arguing that the subpoena seeks the disclosure of privileged or other protected material, trade secret or other confidential research, and/or development or commercial information relative to the business relationship between Chrysler and Linamar. (Docket no. 20). Defendant also seeks a protective order pursuant to Fed. R. Civ. P. 26(b)(2)(C) and sub-section (c). Discovery was due on April 9, 2010.

## II. STANDARD

The decision whether to quash or modify a subpoena is within the court's discretion. 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2459 (3d ed. 2010). Under Rule 45(c)(3)(A), Fed. R. Civ. P., the court must quash or modify the subpoena if it fails to allow reasonable time for compliance, requires the disclosure of privileged or other protected matter and no exception or waiver applies, or subjects a person to undue burden.

Under Fed. R. Civ. P. 26(b)(2)(C), on a motion or on its own, "the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that. . . (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome or less expensive." Rule 26(c), Fed. R. Civ. P., allows a party to move for a protective order. For good cause, the court may issue a protective order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

### III.	DEFENDANT'S MOTION TO QUASH

*A. Standing*

Plaintiff points out that "Chrysler has not objected to the subpoena." Defendant agrees that "in a general sense" the protection afforded by Fed. R. Civ. P. 45(c) and the right to quash a subpoena is vested in the party to whom the subpoena is directed, but states that there "is case law in Michigan and elsewhere that clearly suggests that Linamar has proper standing to seek to have the subpoena quashed." (Docket no. 20 at 7). Defendant has not identified supporting law for this premise. "In the absence of a claim of privilege, proprietary interest, or personal interest, a party has no standing to quash a subpoena directed at a non-party." *White Mule Co. v. ATC Leasing Co., LLC*, 2008 U.S. Dist. LEXIS 51344 at *12 (N.D. Ohio June 25, 2008) (citing *Donahoo v. Ohio Dept. of Youth Servs.*, 211 F.R.D. 303, 306 (N.D. Ohio 2002) ("the party to whom the subpoena is directed is the only party with standing to oppose it") and *City of Ecorse v. U.S. Steel*, 2007 U.S. Dist. LEXIS 88343 (E.D. Mich. Dec. 3, 2007) (analyzing a motion to quash in the context of Fed. R. Civ. P. 45(c)(3))). Despite general allegations that the information sought requires the disclosure of privileged or other protected material, and/or a trade secret or confidential research, development

3

or commercial information, the allegations are neither specific nor substantiated[1]. Defendant has failed to show that it has standing to move to quash the subpoena issued to Chrysler.

Defendant also argues that there is "further . . . case law which makes clear that, even if a motion based on Fed. R. Civ. P. 45(c)(3) is not appropriate, a party may seek to preclude discovery sought from a non-party by virtue of a motion for protective order based upon Fed. R. Civ. P. 26(c). *See White Mule Co.*, 2008 U.S. Dist. LEXIS 51344 at *13 ("In contrast to its motion to quash, [defendant] has standing to seek a protective order to preclude discovery though subpoenas issued on third parties."). For these reasons the Court will treat this motion as seeking a protective order.

   *B.*  *Whether Defendant Has Shown Good Cause For A Protective Order To Issue*

Defendant argues that the discovery sought from Chrysler is unreasonably cumulative or duplicative, has been or can be obtained from another source, including Defendant, and is irrelevant to Plaintiff's claims. The requests to Chrysler seek the following: (1) The contract between Linamar and Chrysler for the Kokomo Program; (2) All documents containing information about the termination or cancellation of the contract between Linamar and Chrysler for the Kokomo Program, including specifically those that relate to the Linamar Machines and/or the termination or cancellation of the contract between Linamar and Ann Arbor Machine relating to the Linamar

---

[1] Defendant makes general allegations of harm, including that because it is a tier-one supplier to several OEM's "the disclosure of confidential information related to the Chrysler-Linamar business relationship could have financially prejudicial consequences for Linamar," that "the mere suggestion of" Plaintiff's assertion that Defendant attempted to deceive Chrysler as to the amounts is suppliers were actually going to receive from the cancellation fee, though untrue, "will have a negative impact on [Defendant's] ability to engage in negotiations with Chrysler on other projects" and that the "dissemination of material related to these negotiations [between Defendant and Chrysler on the final amount of payment on the cancellation claim] will have a detrimental effect on [Defendant's] standing in the marketplace in its dealings with other OEMs." (Docket no. 20 at 7 and 10).

Machines; (3) All documents that contain information about the amount, reasons for and factual detail behind the payment(s) from Chrysler to Linamar relating to the Linamar Machines, including but not limited to, any cancellation or termination fee; (4) "The level of completion of the Linamar Machines at the time of any payment for termination or cancellation, including the inclusion of McNaughton-McKay's electrical parts and components"; (5) All documents that contain information about any amendment to the Termination Agreement between Chrysler and Linamar, including any agreements on amendments; and (6) All documents submitted by Linamar to Chrysler documenting its cancellation charges and those of its subcontractors relating to the Kokomo Project, and specifically involving Ann Arbor Machine's cancellation charges. (Docket no. 20-3).

Plaintiff argues that it "seeks discovery about what information [Defendant] submitted to Chrysler pertaining to Linamar's suppliers/subcontractors claims and the windfall amount Linamar admitted in deposition that Chrysler paid to Linamar," alleging that Defendant kept the amount without paying the suppliers and contractors who did the work. (Docket no. 23 at 2). Plaintiff argues that Defendant was paid a multi-million dollar cancellation fee and part of the cancellation charges were for Plaintiff's work. Plaintiff alleges in its brief in opposition that "[i]t appears [Defendant] represented to Chrysler - to obtain a larger cancellation fee – that [Defendant] had greater financial obligations to its suppliers/subcontractors than what [Defendant] was negotiating to actually pay its suppliers/subcontractors." (Docket no. 23 at 3). The Court notes that this allegation does not appear in Plaintiff's Complaint.

The issue of whether Defendant acted unjustly or inequitably is relevant to Plaintiff's quantum meruit/unjust enrichment claim. *See Morris Pumps v. Centerline Piping*, 729 N.W.2d 898, 907 n.8 (Mich. App. 2006) ("Only in instances . . . in which the general contractor has acted

5

wrongfully or inequitably, will the general contractor be liable to the material supplier or sub-subcontractor in quantum meruit."). Therefore, the categories of information sought by Plaintiff's subpoena contain information relevant to its claim. Fed. R. Civ. P. 26(b)(1).

Defendant argues that of the six categories of documents sought by Plaintiff's subpoena, the documents requested by paragraphs 1, 2 and 5 have previously been provided to Plaintiff. Despite Defendant's allegations that some of these documents, or their substance, were already provided or that Plaintiff can depose Defendant's agent on these issues, Plaintiff questions Defendant's assertion that it already has these documents in full and Plaintiff has shown the relevance of obtaining Chrysler's version of the documents related to these issues.

Defendant does not have standing to argue that Chrysler's compliance with the subpoena will cause undue burden where Chrysler has not objected to the subpoena on this ground. *See Mayes v. City of Oak Park*, 2007 U.S. Dist. LEXIS 4391 *3 n.1 (E.D. Mich. Jan. 22, 2007). To the extent that Defendant argues that the documents may reveal trade secret or other confidential information, the allegation of harm is speculative and lacks specificity and there is already a stipulated protective order in place which contemplates the designation of "confidential" to documents produced by a non-party. (Docket no. 16 ¶¶ 4, 5, 11). Defendant's motion to quash the subpoena or for protective order will be denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Quash Subpoena Issued To Chrysler Group, LLC Or For Protective Order Precluding Discovery (docket no. 20) is **DENIED** and Chrysler Group, LLC has 21 days from entry of this order to produce the documents at the location set forth in Plaintiff's Subpoena To Produce Documents.

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).


Dated: June 14, 2010            s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record and Chrysler Group, LLC at 1000 Chrysler Drive, Auburn Hills, MI 48326, CIMS #485-13-62 Attention Ms. Melissa Gravlin, Chrysler Legal Department on this date.

Dated: June 14, 2010            s/ Lisa C. Bartlett
                                Case Manager